UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-CV-00176-DCLC-CRW |
| AN EASEMENT AND RIGHT-OF-WAY OVER 7.58 ACRES OF LAND, MORE OR LESS, AND ADDITIONAL RIGHTS WITH RESPECT TO AN EXISTING EASEMENT AND RIGHT-OF-WAY OVER LAND IN SULLIVAN COUNTY, TENNESSEE, et al., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff the United States of America's Motion in Limine [Doc. 39], the United States's Brief in Support [Doc. 40], Defendants William Chadwick Baker and Paige Baker's Response [Doc. 42], and the United States's Reply [Doc. 46].

William and Paige Baker own roughly 190.48 acres of property in Sullivan County, Tennessee. [Stipulations, Doc. 23, at 1]. In 1969, the United States, for the use and benefit of the Tennessee Valley Authority ("TVA"), obtained a transmission-line easement over 12.42 acres of the property. [*Id.* at 2]. Decades later in 2024, the United States, under the power of eminent domain, brought this action for the condemnation of an additional easement over the Bakers' property. [Compl., Doc. 1]. Specifically, the United States condemned a permanent easement and right-of-way over 7.58 acres of their property as well as additional rights over 2.49 acres of the existing easement from 1969. [Stipulations at 2].

The United States condemned this permanent easement, right-of-way, and additional rights for the use and benefit of the TVA, namely "the erection, operation, and maintenance of electric power transmission circuits and communication circuits." [Compl. at 1]. The erection of these circuits is part a broader project: the "'Sullivan–South Bristol transmission line,' in the Bristol area of Sullivan County." [Stipulations at 2]. The parties have stipulated to the following aerial map of the Bakers' property and the United States's easements on their property:



[Stipulations at 2]. Tract Number SUB-57 is the easement from 1969, and Tract Number SBS-94 is the easement from 2024. [*Id.*].

2

Upon taking the easement, right-of-way, and additional rights in 2024 and bringing this condemnation action, the United States filed a declaration of taking and a deposit totaling $47,800.00 as its estimate of just compensation. [Pl.'s Decl. of Taking, Doc. 1-3, at 2]. The sole dispute between the parties is whether the United States's compensation is just. *See Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)). The measure of just compensation for the taking of an easement is the difference in the fair-market value of the entire property before the taking of the easement (that is, free and clear of the easement) and the fair-market value of the entire property after the taking of the easement (that is, subject to the easement), on the date of the taking. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10 (1984); *U.S. ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016).

Ahead of this month's trial on the issue of just compensation, the United States makes eighteen separate requests to exclude evidence in limine. In response, the Bakers urge the Court to deny those requests as premature. [Defs.' Resp. at 2].[1] A district court's authority to rule on an evidentiary motion in limine comes from its "inherent authority to manage the course of trials," rather than a specific provision of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citation omitted). A district court's choice to grant or deny a motion in limine is, therefore, "purely discretionary." *United States v. Certain Land Situated in Detroit*, 547 F. Supp. 680, 681 (E.D. Mich. 1982).

---

[1] In response to many of the United States's requests in limine, the Bakers state that they do not intend to introduce the specific evidence that the United States seeks to exclude. If the United States had conferred with the Bakers before filing its motion in limine and entered into stipulations with them, it could have more narrowly tailored its motion and saved the Court a good deal of time.

3

The function of a motion in limine is to bar evidence that is "clearly inadmissible for any purpose." *Contract Mgmt., Inc. v. Babcock & Wilcox Tech. Servs. Y-12, LLC*, No. 3:10-CV-110, 2012 WL 2529214, at *1 (E.D. Tenn. June 29, 2012) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)). "Unless evidence meets this high standard," a district court will not exclude evidence in limine. *Id.* The party moving to exclude evidence in limine has the burden of meeting this high standard. *Smith v. Highland Park Ruritan Club*, No. 3:06-CV-351, 2008 WL 2669107, at *3 (E.D. Tenn. June 27, 2008).

### 1. The United States's First Request in Limine

As to the United States's first request in limine, the United States argues that the Court should limit the Bakers' expert appraiser James C. McSpadden's testimony so that it conforms to the Court's forthcoming ruling on the parties' dispute under Federal Rules of Evidence 702 and 703 and *Daubert v. Merrell Dow Pharmaceuticals Corp.*, 509 U.S. 579 (1993). [Pl.'s Mem. at 5]. United States Magistrate Judge Cynthia Wyrick just recently denied the United States's motion to exclude Mr. McSpadden's opinion on just compensation, and the United States has timely objected to Magistrate Judge Wyrick's recommendation, which is pending the Court's adjudication. *See* [Pl.'s Objs., Doc. 53].

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion," *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted), and the Court, which intends to address the United States's objections on the merits in short order, can fathom no reason to offer an advisory opinion on those objections here on a motion in limine. The Court therefore reserves ruling on the United States's first request in limine, which it will address in resolving the United States's objections.

4

### 2. The United States's Second Request in Limine

As to the United States's second request in limine, it maintains that the Court should preclude the Bakers' from presenting witnesses or exhibits that they have not disclosed under Federal Rule of Civil Procedure 26(a). [Pl.'s Mem. at 5–6]. The United States does not identify any specific witnesses or exhibits that the Bakers have failed to timely disclose under Rule 26(a). The United States's second request in limine is therefore **DENIED**. *See* E.D. Tenn. L.R. 7.1(b) ("Briefs shall include . . . the *factual* and legal grounds which justify the ruling sought from the Court." (emphasis added)).

### 3. The United States's Third Request in Limine

As to the United States's third request in limine, the United States moves the Court to exclude evidence of the Bakers' "hypothetical future use of [the] easement and right-of-way." [Pl.'s Mem. at 6]. In response, the Bakers state that they do not intend to introduce any such evidence. [Defs.' Resp. at 3]. The United States's third request in limine is therefore **DENIED AS MOOT**.

### 4. The United States's Fourth Request in Limine

As to the United States's fourth request in limine, the United States urges the Court to exclude evidence of the TVA's "construction activities," "project plans," and "costs," asserting that it "is not relevant to the fair market value" of the Bakers' property on the date of the taking. [Pl.'s Mem. at 7]. The Bakers represent that "they do not intend to introduce evidence relating to the construction costs and value to the Government of the infrastructure project," but they do intend to introduce "other evidence relating to the condemnation (or taking) process" and believe this evidence is admissible. [Defs.' Resp. at 3].

Because the Bakers do not intend to introduce any evidence of the TVA's construction activities, project plans, or costs, the United States's fourth request in limine is **DENIED AS MOOT**. The Court will reserve ruling on whether the Bakers' "other evidence relating to the condemnation (or taking) process" is admissible until it hears the evidence at trial.

### 5. The United States's Fifth Request in Limine

As to the United States's fifth request in limine, the United States seeks the exclusion of evidence of the Bakers' unaccepted offers for the purchase of their property. [Pl.'s Mem. at 7–8]. The Bakers do not intend to introduce any such evidence. [Defs.' Resp. at 4]. The United States's fifth request in limine is therefore **DENIED AS MOOT**.

### 6. The United States's Sixth Request in Limine

As to the United States's sixth request in limine, the United States argues that the Court should exclude evidence of the Bakers' plans, if any, to develop their property. [Pl.'s Mem. at 8]. The Bakers do not intend to introduce any such evidence, but they do seek leave to introduce evidence of the taking's effect on their ability to use and enjoy their property. [Defs.' Resp. at 4]. The Court cannot conclude, at this time, that evidence of the Bakers' ability or inability to use and enjoy their property is clearly inadmissible for *any* purpose. The Court therefore reserves ruling on the United States's sixth request in limine until it hears the evidence at trial.

### 7. The United States's Seventh Request in Limine

As to the United States's seventh request in limine, the United States contends that the Court should exclude evidence of its deposit totaling $47,800.00 as its estimate of just compensation. [Pl.'s Mem. at 9]. The Bakers do not intend to introduce any such evidence. [Defs.' Resp. at 4]. The United States's seventh request in limine is therefore **DENIED AS MOOT**.

### 8. The United States's Eighth Request in Limine

As to the United States's eighth request in limine, the United States seeks the exclusion of evidence of its pre-condemnation appraisal of the Bakers' property, arguing that it "is not relevant to the issue of compensation." [Pl.'s Mem. at 9]. The Bakers oppose this request. They maintain that the United States relies on case law that is off point because it cites only cases in which courts have held that a *deposit* is not relevant to the issue of just compensation. [Defs.' Resp. at 4–5]. The Bakers are correct in their assessment of the cases that the United States cites. *See* [Pl.'s Mem. at 9–10].

Appraisals are, of course, highly relevant evidence in condemnation actions. *See 1.72 Acres of Land*, 821 F.3d at 747 (referring to the testimony of the TVA's appraiser); *U.S. ex. rel. TVA v. Tree-Removal Rights with Respect to Land in McNair Cnty.*, No. 15-1008, 2015 WL 549943, at *3 (W.D. Tenn. Sept. 16, 2015) (stating that an appraisal is dispositive when it is uncontested); *United States v. Block 44*, 177 F.R.D. 687, 690 (M.D. Fla. 1997) (recognizing that the United States's "precondemnation appraisal" is "designed to determine the fair market value of the property"). The United States provides the Court with no basis for treating its appraisal any differently. The United States therefore fails to meet its burden of showing that its appraisal is "clearly inadmissible for any purpose," *Contract Mgmt*, 2012 WL 2529214 at *1 (quotation omitted), and its eighth request in limine is **DENIED**.

### 9. The United States's Ninth Request in Limine

As to the United States's ninth request in limine, the United States seeks the exclusion of evidence relating to the parties' negotiations and settlement offers. [Pl.'s Mem. at 10–11]. The Bakers do not intend to introduce any such evidence. [Defs.' Resp. at 5]. The United States's ninth request in limine is therefore **DENIED AS MOOT**.

### 10. The United States's Tenth Request in Limine

As to the United States's tenth request in limine, the United States maintains that the Court should exclude evidence of attorneys' fees and costs. [Pl.'s Mem. at 11]. The Bakers do not intend to introduce any such evidence. [Defs.' Resp. at 5]. The United States's tenth request in limine is therefore **DENIED AS MOOT**.

### 11. The United States's Eleventh Request in Limine

As to the United States's eleventh request in limine, the United States requests the exclusion of evidence of its other condemnations, namely its acquisitions of easements in other cases, which it argues are irrelevant to this case. [Pl.'s Mem. at 11–12]. The Bakers oppose the United States's request, contending that the Court should "consider the specific evidence and determine if it is admissible based upon the information and context introduced at the trial." [Defs.' Resp. at 5].

The Court is unable to conclude, at this time, that the United States's acquisitions of easements in other cases, to the extent those acquisitions involve the Sullivan–South Bristol project, are clearly inadmissible for *any* purpose. *See infra* [United States's thirteenth request in limine and accompanying text]. The Court therefore reserves ruling on the United States's eleventh request in limine until it hears the evidence at trial.

### 12. The United States's Twelfth Request in Limine

As to the United States's twelfth request in limine, the United States moves to exclude all evidence of its "acquisition of parcels of land for transmission line projects other than the subject property." [Pl.'s Mem. at 12]. The Bakers state that they do not intend to introduce any such evidence apart from comparable properties necessary for their expert appraiser to opine on just compensation. [Defs.' Resp. at 5]. *See 1.72 Acres of Land*, 821 F.3d at 756 (noting that the

8

TVA's expert had testified at trial about "comparable sales of similar types of property"); *see also Instructions to Commr's under Rule 71A*, 61 F.R.D. 503, 517–18 (E.D. Tenn. 1974) ("Evidence of sales of comparable property is admissible and should be considered by you and given the weight that you think it should have in determining the fair and reasonable market value of the lands in question."). The United States's twelfth request in limine is therefore **DENIED AS MOOT**.

### 13. The United States's Thirteenth Request in Limine

As to the United States's thirteenth request in limine, the United States requests the exclusion of maps, diagrams, photographs, and drawings of adjacent or nearby properties that have transmission lines or are undergoing the construction of transmission lines. [Pl.'s Mem. at 12–13]. The Bakers oppose the United States's request, contending "it is reasonable" for them and their expert appraiser to introduce maps, diagrams, photographs, and drawings of adjacent or nearby properties. [Defs.' Resp. at 6]. The Court cannot conclude, at this time, that all maps, diagrams, photographs, and drawings of adjacent or nearby properties are clearly inadmissible for *any* purpose.

Maps, diagrams, photographs, and drawings of other properties may constitute, for example, *res gestae* evidence that is necessary to tell the story of the Sullivan–South Bristol project, for the purposes of which the United States has condemned the Bakers' property. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) ("This court 'ha[s] recognized the admissibility of *res gestae*, or background evidence" that "has a causal, temporal or spatial connection with" the claim. (alteration in original) (quotation omitted)); *West v. United States*, 258 F. 413, 419 n.2 (6th Cir. 1919) ("Matters constituting a part of the res gestae are admissible in evidence, the rules as to admissibility, and as to what constitutes the res gestae, being the same

9

in criminal as in civil cases."). So to the extent the United States seeks the exclusion of maps, diagrams, photographs, and drawings of adjacent or nearby properties that have transmission lines or are undergoing the construction of transmission lines, its thirteenth request in limine is **DENIED**.

### 14. The United States's Fourteenth Request in Limine

As to the United States's fourteenth request in limine, the United States argues that the Court should exclude all evidence of torts for physical damage to the property, [Pl.'s Mem. at 13]. The Bakers oppose this request. [Defs.' Resp. at 6–7]. The only triable issue in this case is the amount of just compensation—which is a battle of the experts. Again, the measure of just compensation for the taking of an easement is the difference in the fair-market value of the entire property before the taking of the easement (that is, free and clear of the easement) and the fair-market value of the entire property after the taking of the easement (that is, subject to the easement), *on the date of the taking. Kirby Forest Indus.*, 467 U.S. at 10; *1.72 Acres of Land*, 821 F.3d at 756. Just compensation, therefore, necessarily excludes damages after the date of the taking—i.e., physical damage to the property that occurred after the taking and that sounds in tort. The United States's fourteenth request in limine is therefore **GRANTED**.

### 15. The United States's Fifteenth Request in Limine

As to the United States's fifteenth request in limine, the United States moves to exclude evidence of the property's and other properties' tax assessments. [Pl.'s Mem. at 15]. The Bakers do not intend to introduce any such evidence. [Defs.' Resp. at 7]. The United States's fifteenth request in limine is therefore **DENIED AS MOOT**.

### 16. The United States's Sixteenth Request in Limine

As to the United States's sixteenth request in limine, the United States maintains that the Court should exclude evidence of any witness's age, physical health, and marital status because it is not relevant to the jury's determination of just compensation. [Pl.'s Mem. at15]. While the Bakers do not expressly oppose this request, they state that they do plan to engage in "normal questioning of witnesses regarding ages and marital status of the Bakers." [Defs.' Resp. at 7]. The Court reserves ruling on the United States's sixteenth request in limine until it hears the evidence at trial.

### 17. The United States's Seventeenth Request in Limine

As to the United States's seventeenth request in limine, the United States seeks to exclude evidence concerning the Bakers' personal fears and health-related concerns—and those of any future buyers—about the erection of transmission lines and the generation of electromagnetic fields ("EMFs"). [Pl.'s Mem. at 16]. The Bakers oppose this request, stating that they intend to elicit testimony from Mr. Baker regarding his "uncertainties relating to potential health impacts" of EMFs and from their expert appraiser concerning the potential adverse health effects of EMFs and how the presence of EMFs may diminish the market value of the Bakers' property. [Defs.' Resp. at 7].

EMFs are indeed relevant to a property's market value if they affect it in the eyes of the "buying *public*." *U.S. ex rel. & for Use of TVA v. Easement & Right of Way 200 Feet Wide*, 405 F.2d 305, 309 (6th Cir. 1968) (emphasis added). For that reason, the Bakers' *personal* fears and health-related concerns about EMFs are not relevant to the valuation question. By contrast, evidence that prospective buyers harbor concerns about EMFs, and that those concerns affect the market value of the property, may be relevant.

Accordingly, the Bakers may present testimony from a qualified witness addressing whether EMFs associated with the transmission lines would affect the property's market value from the perspective of prospective buyers. Any such testimony must comply with the disclosure requirements of Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1) (providing that a party who fails to make the required disclosures may not use that information or witness at trial unless the failure was substantially justified or harmless).

So to the extent that the United States moves to exclude evidence that the Bakers have personal fears and health-related concerns about EMFs, its seventeenth request in limine is **GRANTED**. However, to the extent that the United States seeks to exclude evidence that "certain segments of the buying public may [be] apprehensive of these high voltage lines, and therefore might be unwilling to pay as much for the property as they otherwise would," its seventeenth request in limine is **DENIED**. *Easement & Right of Way 200 Feet Wide*, 405 F.2d at 309.

### 18. The United States's Eighteenth Request in Limine

Finally, as to the United States's eighteenth request in limine, it seeks to reserve the right to file further motions in limine "based upon the outcome of this pending motion," [Pl.'s Mem. at 17], and the Bakers concur with this request but only to the extent that the United States can show good cause for the filing of further motions in limine, [Defs.' Resp. at 8]. The United States's eighteenth request in limine is **GRANTED** only to the extent that it can show good cause for the filing of additional motions in limine, the deadline for which has now expired. *See* [Scheduling Order, Doc. 28, at 2]; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

13